SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

TROY L. STEVENSON, et al.     *

    Plaintiffs     *

v.     *    Civil Action No. 2006 CA 001926 B

DINA BLUHM     *    Judge Mary A. Gooden-Terrell

    Defendant     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I. BACKGROUND**

On or about March 8, 2005, Latrice Tia Stevenson was in the process of crossing Benning Road in the District of Columbia when she was struck by a vehicle operated by Leslee McRae. At the time of the accident, Ms. McRae was insured by GEICO Insurance Company. Dina Bluhm, a GEICO claims examiner, was assigned by GEICO to handle the claim. Ms. Bluhm lives in Maryland and works at GEICO's Home Office Claims Department also located in Maryland. The Plaintiff(s) Troy L. Stevenson and the Estate of Latrice Tia Stevenson filed this Complaint alleging that Ms. Bluhm is liable for intentional infliction of emotional distress based on comments allegedly made by Ms. Bluhm during a telephone conversation alleged to have occurred on March 16, 2005.

The Defendant asserts in this Motion that this Court lacks personal jurisdiction over her. The Defendant also asserts that the Complaint fails to conform to the pleading requirements of the District of Columbia Superior Court Rules of Civil Procedure. Moreover, it is asserted that the Complaint fails to state any cognizable claim on behalf of the Estate of Latrice Tia Stevenson and, finally, the Complaint fails to sufficiently allege

BALT01:1069534v1|GEICO-006778|3/30/2006

facts to support a claim for intentional infliction of emotional distress. For those reasons, the Defendant files this Motion to Dismiss.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

The District of Columbia Court of Appeals has described the standards to be utilized in ruling on a Motion to Dismiss:

> A complaint may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Owens v. Tiber Island Condo. Ass'n*, 373 A.2d 890, 893 (D.C. 1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2L. Ed. 2d 80, 78 S. Ct. 99 (1957)). For purposes of a Rule 12(b)(6) motion, "the complaint must be construed in the light most favorable to the plaintiff, and its allegations taken as true." *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C. 1979) (per curiam); *see also Abdullah v. Roach*, 668 A.2d 801, 804 (D.C. 19995).

*Larijani v. Georgetown University*, 791 A.2d 41, 2002 D.C. App. LEXIS 35, 18 I.E.R. Cas. (BNA) 562.

## III. ARGUMENT

### A. The Complaint does not comply with the requirements of District of Columbia Superior Court Civil Procedure Rules 8 and 10.

D.C. Super. Ct. Civ. P. R. 8(a) requires that a pleading setting forth a claim for relief must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." While the form complaint cites D.C. Code Annotated, §11-921 as a jurisdictional basis, that section only relates to the <u>subject matter</u> jurisdiction of the Court. There is nothing in the Complaint which states the basis for <u>personal jurisdiction</u> over the Defendant, who lives in and is employed in the state of Maryland and does not otherwise

2

meet the jurisdictional requirements of the District of Columbia "Long Arm Statute". (*See,* Argument, *infra,* addressing the Court's personal jurisdiction over the Defendant.)

D.C. Super Ct. Civ. P. R. 10(b) requires that "all averments of claims or defense shall be made in numbered paragraphs, the contents of each which shall be limited as far as practicable to a statement of a single set of circumstances." A review of the Complaint reveals that there are no numbered paragraphs and that a myriad of allegations and circumstances are alleged in the single paragraph Complaint. For these reasons, the Complaint is technically deficient and should be dismissed.

### B. District of Columbia Superior Court Civil Procedure Rules 12(b)(2)

#### (i) There is no basis for the Court to exercise personal jurisdiction over the Defendant

The Defendant, Dina Bluhm, is a claims examiner for GEICO Insurance Company. The location of her place of employment is in Chevy Chase, Maryland and she also resides in Maryland. The alleged telephone conversation of March 16, 2005, between the Plaintiff and the Defendant occurred while the Defendant was located at her place of employment in Maryland.[1] She neither transacts business in the District of Columbia nor does she contract to supply services in the District of Columbia, nor did any of her allegedly tortious actions occur in the District of Columbia. Moreover, the Defendant did not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in the District of Columbia. The Defendant does not have an interest in, use or possess real property in the District of Columbia. She has not contracted to insure or act as a surety for any person, property or risk

---

[1] Ms. Bluhm states that her first conversation with the Plaintiff occurred on March 28, 2005.

to be performed within the District of Columbia. (*See*, Affidavit of Dina Bluhm, attached hereto and marked as **Exhibit A**.)

Personal jurisdiction in this Court is governed by the "Long Arm Statute" found at §§13-422 and 13-423 of the D.C. Code, Annotated. Section 13-422 authorizes a District of Columbia Court to exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or her principal place of business in the District of Columbia. None of those provisions apply to the Defendant. (*See,* **Exhibit A**).

Section 13-423, provides, in pertinent part, as follows:

> **§ 13-423. Personal jurisdiction based upon conduct.**
>
> (a)    A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1)    transacting any business in the District of Columbia;
> (2)    contracting to supply services in the District of Columbia
> (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5)    having an interest in, using, or possessing real property in the District of Columbia;
> (6)    contracting to insure or act as surety for or on any person, property or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
>
> *    *    *

As indicated in the Defendant's Affidavit, **Exhibit A**, none of the individual bases for the exercise of personal jurisdiction apply to this Defendant. She specifically denies §§(1), (2), (5), and (6). With respect to §(3), that section does not apply, for no act or omission by the Defendant is alleged to have occurred in the District of Columbia and the Defendant denies any connection to the District of Columbia[2]. As for §(4) that section only applies where there are specifically enumerated contacts between the Defendant and the District of Columbia. No such contacts are alleged and, again, the Defendant specifically denies such contacts in her Affidavit.

In the absence of allegations that would support a finding of personal jurisdiction over the Defendant pursuant to the statutory provisions set forth above, and in view of the Defendant's statements in her Affidavit, there is nothing before this Court which would support the Court's exercise of personal jurisdiction over the Defendant. In the absence of jurisdiction, the Complaint must be dismissed.

  C. **District of Columbia Superior Court Rule of Civil Procedure 12(b)(6).**

    (i) **The Complaint fails to state a claim on behalf of "the Estate of Latrice Tia Stevenson".**

The Plaintiffs listed in the Complaint are Troy L. Stevenson and Estate of Latrice Tia Stevenson. The substance of the Complaint appears to be comments allegedly made by the Defendant, Dina Bluhm, during a telephone conversation between her and Troy Stevenson which allegedly occurred on March 16, 2005. Indeed, the Plaintiff alleges that he

---

[2] Section 1323(a)(3) clearly does not apply. In *Security Bank, N.A. v. Tauber*, 347 F. Supp. 511 (D. D.C. 1971) the Court determined that telephone calls made by a defendant from Florida into the District of Columbia did not provide a jurisdictional basis under the District of Columbia Long Arm Statute because such calls did not amount to "an act or omission in the District of Columbia." *See also, Etchebarne-Bourdin v. Bourdin*, 124 WLR 2261 (Super. Ct. 1996) which provides that an act or omission which occurs during a telephone conversation is deemed to occur where the defendant is located.

5

"telephoned GEICO Insurance employee Dina Bluhm to discuss the policy of Leslee Merea (sic) and what GEICOs (sic) offer was for the wrongful death of my daughter Latrice Tia Stevenson." The Complaint goes on to allege that the comments of Ms. Bluhm during the conversation caused him and another daughter, Tiara Stevenson, to sustain emotional distress. Tiara Stevenson is not named as a Plaintiff in this action.

Any claim on behalf of the Estate of Latrice Tia Stevenson must fail for two reasons. First of all, it is clear from the allegations in the Complaint that Latrice Tia Stevenson was deceased at the time of the alleged telephone conversation of March 16, 2005. That is clear from the Plaintiff's allegation that he telephoned the Defendant to discuss GEICO's offer for the "wrongful death of [his] daughter, Latrice Tia Stevenson." Indeed, Ms. Stevenson was killed in a motor vehicle accident which occurred on March 8, 2005. (*See*, **Exhibit A, at ¶ 5**). With this in mind, it is impossible for the Estate of Latrice Tia Stevenson to have suffered injury as a result of the alleged telephone conversation which occurred <u>after her death</u>.

Secondly, any claim for the survival of a right of action is governed under §12-101 of the D.C. Code Annotated which requires any such claim to be prosecuted in the name of the "legal representative" of the deceased. There is no allegation in the Complaint that any person has been appointed as the legal representative of the Estate of Latrice Tia Stevenson and for that reason, the Complaint on behalf of the Estate must also fail. Under the survival statute the Estate itself is not a viable Plaintiff.

  (ii) **The allegations in the Complaint are insufficient to state a cognizable claim for intentional infliction of emotional distress.**

While the Complaint is less than clear, it appears that the Plaintiffs are alleging that comments allegedly made by the Defendant in a telephone conversation of March 16, 2005, amounted to intentional infliction of emotional distress. Specifically, the pertinent allegations in the Complaint are set out as follows:

> On March 16, 2005 around 10:30 a.m. I telephoned GEICO Insurance employee Dina Bluhm to discuss the policy of Leslee Merea (sic) and what GEICOs (sic) offer was for the wrongful death of my daughter Latrice Tia Stevenson . . . . Ms. Dina Bluhm informed me that GEICO was prepared to settle for 2,500 for burial, I asked Dina Bluhm was that all? And her reply to me was what do you expect us to pay when your daughter 'jumped' in front of our insured's vehicle.' I paused in shock for a moment and told Dina Bluhm that, that was ridiculous.

The tort of intentional infliction of emotional distress has been variously described as follows:

> To establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984), (quoting *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (quoting *Dreza v. Vaccaro*, 650 A.2d 1308, 1312 (D.C. 1994)). In general " a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!" *Homan, supra*, 711 A.2d at 818 (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)).

7

*Larijani v. Georgetown University*, 791 A.2d 41, 2002 D.C. App. LEXIS 35, 18 I.E.R. Cas. (BNA) 562.

When the allegations in the Complaint are compared to the elements of the tort intentional infliction of emotional distress, it is clear that the Plaintiff has failed to sufficiently allege any of the three elements. As for the requirement that the Defendant's conduct be "extreme and outrageous", reasonable minds simply could not differ that the statement allegedly made by the Defendant falls far short of the requirement that the conduct be outrageous in character, extreme in degree and that it go beyond all possible bounds of decency. The conversation was initiated by the Plaintiff who, eight days after the tragic accident in question, was attempting to negotiate a settlement for the "wrongful death of [his] daughter." As such, any statements made by the Defendant were based on legitimate business reasons and do not justify or support any claim of outrageous conduct. *See*, *Joyner v. Sibley Memorial Hospital*, 826 A.2d 362, 373 (D.C. 2003) ("Plaintiff adduced no evidence to establish that appellee's actions . . . were based on anything but legitimate business reasons. Therefore, these acts certainly do not amount to 'outrageous conduct for the purpose of establishing intentional infliction of emotional distress.'") "Liability [for intentional infliction of emotional distress] will not be imposed for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Carter v. Hahn*, 821 A.2d 890, 892-93 (D.C. 2003). In *Carter*, the Court of Appeals reversed the trial court's directed verdict in favor of the Defendant based on undisputed evidence that the Defendant intentionally or recklessly lied to the police which resulted in false criminal charges being lodged against the plaintiff alleging that she stole government funds. As a result of the defendant's false police affidavit, the

plaintiff was incarcerated overnight in a D.C. correctional facility. The appellate court concluded that intentionally or recklessly calling the police and informing them that the plaintiff committed a criminal act, when the defendant knew that the accusation was false, was sufficient to create a jury issue with respect to whether the defendant's acts were sufficiently outrageous to support a claim for intentional infliction of emotional distress. There is a dramatic distinction between the admitted actions of the defendant in *Carter* compared to the alleged statement by the Defendant in the case at bar.[3]

Just as the allegations are insufficient to support the requisite outrageous conduct to support a claim, so too is there a complete absence of any allegation that the Defendant acted intentionally or recklessly. In *Ferenc v. World Child, Inc.*, 977 F. Supp. 56 (D.D.C. 1997), the Court dismissed plaintiff's claim for intentional infliction of emotional distress arising out of the adoption of a child who turned out to have severe health problems. The Court found that:

> the record contains absolutely no evidence from which a jury could find (nor any reason to expect that such evidence will be forthcoming) that any defendants who are now before the court intended that the Ferencs experience any emotion other than the joy that should attend the adoption of a healthy son. No motive, ulterior or otherwise, is shown for these defendants to have deliberately deceived the plaintiff . . . and no conduct is ascribed to them that in any respect resembles the 'extreme or outrageous conduct' that has been held necessary to prove the tort under District of Columbia law.

*Id.* at 60. Likewise, the Complaint before this Court is devoid of any allegations that the Defendant herein intended that the Plaintiff should be emotionally distressed by

---

[3] The Defendant denies making the statement attributed to her in the Complaint (*see* **Exhibit A at ¶ 6**), but recognizes that for the purposes of this Motion only, the allegations must be taken as true.

9

Defendant's statement nor is there any allegation that the Defendant had any ulterior motive.

With respect to the third element, severe emotional distress caused by the Defendant's extreme or outrageous conduct, even that element is unclear from a review of the Complaint. While the Plaintiff alleges that the telephone conversation with the Defendant "has caused extreme emotional distress . . .", he goes on to state that "I have not been able to sleep right because I have nightmare (sic) about my daughter's death, my loss of appetite has caused me to loss (sic) 12 pounds, I am unable to enjoy certain kinds of movies or television shows." A fair reading of these allegations, even when read in a light most favorable to the Plaintiff, would seem to attribute the ill-effects allegedly experienced by the Plaintiff to his daughter's death, rather than to the statement attributed to the Defendant.

In short, the allegations in the Complaint fail to allege conduct by the Defendant which was sufficiently extreme or outrageous, fails to allege that comments were made with the intent to inflict emotional distress and even fails to sufficiently allege a causal connection between the Defendant's statement and the emotional distress described in the Complaint. For those reasons, the Plaintiff has failed to allege facts sufficient to support a claim for intentional infliction of emotional distress and the Complaint must be dismissed.

WHEREFORE, for all of the aforegoing reasons, it is prayed that the Complaint be dismissed with costs to be paid by the Plaintiff.

*[signature]*
Michelle Noorani
Bar No.: 478660
MILES & STOCKBRIDGE, P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of March, 2006, that a copy of the foregoing was mailed, postage prepaid, to:

Troy L. Stevenson
1140 North Capitol Street
Apartment 815
Washington, D.C. 20002

*Pro Se*

*[signature]*
Michelle Noorani

# Exhibit A

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY L. STEVENSON, et al. | * |
|     Plaintiffs | * |
| v. | *    Civil Action No.: 06-0001926 |
| DINA BLUHM | * |
|     Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT

1. My name is Dina Bluhm and I am a Defendant in the above-captioned case. I am over eighteen years of age, am competent to testify and have personal knowledge of the facts contained herein.

2. I am the Defendant in the lawsuit styled as *Troy L. Stevenson, et al. v. Dina Bluhm*. I have read the allegations of the Complaint.

3. I live in the State of Maryland.

4. I am employed as a claims examiner by GEICO Insurance Company and my place of employment is located in Chevy Chase, Maryland.

5. As part of my employment, I was assigned to handle claims arising out of a motor vehicle accident which occurred on March 8, 2005, at which time a vehicle operated by GEICO policyholder, Leslee McRae collided with a pedestrian, Latrice Tia Stevenson, resulting in the unfortunate death of Ms. Stevenson on March 9, 2005.

6. I was physically located in the state of Maryland at the time of all telephone conversations I had with Mr. Stevenson in connection with the claim. According to the

claim records, my first conversation with Mr. Stevenson occurred on March 28, 2005. I deny making the statement alleged to have been made by me in the Complaint.

7. I do not regularly do business or solicit business in the District of Columbia.

8. I do not engage in any other persistent course of conduct in the District of Columbia.

9. I do not derive substantial revenue from goods used or consumed or services rendered in the District of Columbia.

10. I do not have an interest in, use of, nor do I possess real property in the District of Columbia.

11. I have not contracted to insure or act as a surety for any person, property or risk to be performed within the District of Columbia.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true.

_____
Dina Bluhm