## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TROY L. STEVENSON, et al.                    *

     Plaintiffs                              *

v.                                           *    Civil Action No.: 1:06-cv-00632

DINA BLUHM                                   *    The Honorable Paul L. Friedman
and GEICO General Insurance Company
(incorrectly named as "G.E.I.CO")            *

     Defendants                              *

\*      \*      \*      \*      \*      \*      \*

TROY L. STEVENSON, et al.                    *

     Plaintiffs                              *

v.                                           *    Civil Action No.: 1:06-cv-00642

LESLEE B. McREA[1], et al.                   *    The Honorable Paul L. Friedman

     Defendant                               *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MOTION TO DISMISS

     Now comes GEICO General Insurance Company, incorrectly named as

"G.E.I.CO" and Dina Bluhm, Defendants, by George M. Church and Miles &

Stockbridge P.C., their attorneys, and moves pursuant to Rules 12(b)(6) and 12(b)(2)

(Bluhm only) to dismiss the Amended Complaint and for reasons therefore, states:

     1.    The Complaint fails to state a claim upon which relief can be granted in

that the facts alleged are not sufficient to support a claim for intentional infliction of

emotional distress.

---

[1] Incorrectly spelled.  Correct spelling of Defendant's last name is McRae.

2.      Dina Bluhm is not subject to the personal jurisdiction of this Court.

3.      In support of their Motion, the Defendants adopt the arguments set forth in this accompanying Statement of Points and Authorities.

WHEREFORE, it is prayed that the Complaint be dismissed.


*/s/ George M. Church* _____
George M. Church
Trial Bar No.:  MD00133
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3839 (telephone)
(410) 385-3700 (fax)
gchurch@milesstockbridge.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of May, 2006, that a copy of the foregoing was served electronically and/or by first class mail, postage prepaid, to:

Troy L. Stevenson
1140 North Capitol Street
Apartment 815
Washington, D.C. 20002

*Pro Se*

James M. Brault, Esquire
BRAULT GRAHAM LLC
101 S. Washington Street
Rockville, Maryland 20850

Attorney for Defendant
Leslee B. McRae


*/s/ George M. Church* _____
George M. Church

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TROY L. STEVENSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:06-cv-00632 |
| DINA BLUHM | * | The Honorable Paul L. Friedman |
| and GEICO General Insurance Company (incorrectly named as "G.E.I.CO") | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*

| | | |
|---|---|---|
| TROY L. STEVENSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:06-cv-00642 |
| LESLEE B. McREA[1], et al. | * | The Honorable Paul L. Friedman |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT
## IN SUPPORT OF MOTION TO DISMISS

**I.    BACKGROUND**

    Initially, a suit was filed in the Superior Court for the District of Columbia by "Troy L. Stevenson and Estate of Latrice Tia Stevenson" against Dina Bluhm, a claims examiner for GEICO General Insurance Company (hereinafter referred to as "GEICO"). The initial Complaint alleged that Ms. Bluhm had a telephone conversation with Troy L. Stevenson on March 16, 2005, during which Ms. Bluhm allegedly stated that "GEICO was prepared to

---

[1] Incorrectly spelled. Correct spelling of Defendant's last name is McRae.

settle for $2,500, for burial, I asked Dina Bluhm was that all?  And her reply to me was that do you expect us to pay when your daughter 'jumped' in front of our insured vehicle . . . ." While it was alleged in the original Complaint that Mr. Stevenson's daughter, Tiara Latisha Stevenson overheard the conversation, Tiara Latisha Stevenson was not originally named as a Plaintiff.

In response to the original Complaint, Ms. Bluhm filed a Motion to Dismiss in which she raised various defenses including lack of personal jurisdiction, failure to comply with pleading requirements of the D.C. Superior Court Rules, failure to state a claim on behalf of the Estate of Latrice Tia Stevenson and failure to allege facts sufficient to support a claim for intentional infliction of emotional distress.  Shortly after filing her Motion to Dismiss, Ms. Bluhm removed the case to this Court based upon diversity of citizenship.  Ms. Bluhm's Motion to Dismiss is currently pending in this Court and is being renewed herein.

Contemporaneously with the filing of this action, the Stevensons also filed a Complaint against Leslee McRae, driver of the automobile that struck Latrice Tia Stevenson and GEICO, which insured Ms. McRae at the time of the accident.  That case was also removed from the Superior Court for the District of Columbia to this Court and is captioned as *Stevenson, et al. v. McRea*, civil action 06-cv-00642 JCKK.

On April 24, 2006, Mr. Stevenson filed in civil action 06-cv-0642 JCKK, the *McRea* case, an Amended Complaint which added as Plaintiffs, Darlene Middleton as Personal Representative and Tiara Latisha Stevenson.  Clearly, it was Plaintiffs' intent to file the Amended Complaint in the *Bluhm* case.  The Amended Complaint also named G.E.I.CO as a Defendant based on the allegation that Ms. Bluhm was the agent, servant or employee of GEICO at the time of the telephone conversation in question.

2

A joint status conference was conducted on May 4, 2006. Based on what transpired, the Court entered a Minute Order on May 4, 2006 which, *inter alia*, (i) consolidated the *Bluhm* and *McRea* cases for pre-trial purposes; (ii) stayed discovery pending the court's determination of whether Plaintiffs are entitled to appointed counsel,[2] and, (iii) agreed to re-docket the Amended Complaint from the *McRea* case into the *Bluhm* case. That re-docketing occurred on May 8, 2006 as document number 9.[3] The Court also, with the consent of Mr. Stevenson, dismissed Darlene Middleton and the Estate of Latrice Tia Stevenson as Plaintiffs. Following these Orders, the *Bluhm* case will presumably proceed as *Troy Lamont Stevenson and Tiara Latisha Stevenson[4] v. Dina Bluhm and GEICO General Insurance Company*.

## II.    ALLEGATIONS

The allegations of material fact contained in the Amended Complaint are essentially the same as those contained in the original Complaint. Indeed, the language in the Amended Complaint describing the allegedly offensive comment made by Ms. Bluhm is virtually identical to the language in the original Complaint quoted at pp. 1-2, *supra*.

Beyond the factual allegations concerning the allegedly offensive telephone conversation, the Amended Complaint suggests that Ms. Bluhm's comments implied that Latrice Stevenson committed suicide. The Amended Complaint also adjectively

---

[2] On May 19, 2006, the Court granted Plaintiffs' request for appointed counsel in the *McRea* case. Document No. 11.

[3] Despite the addition of G.E.I.CO (or GEICO General Insurance Company) as an additional Defendant, the Court continues to enjoy diversity jurisdiction over the case as GEICO General Insurance Company is incorporated in and has its principal place of business in the state of Maryland where its insured, Leslee McRae, is also a citizen.

[4] Technically, since Tiara Latisha Stevenson is believed to be a minor, Troy Lamont Stevenson should be acting as her father and next friend.

characterizes Ms. Bluhm's comments as "unwarrantable, unfounded, reprehensible, shocking and disturbing," and suggests that the comments were made to intentionally inflict emotional distress, while at the same time, stating that Ms. Bluhm "*negligently intentionaly* (sic) inflicted emotional distress." It is also asserted in the Amended Complaint that Ms. Bluhm was "commissioned by G.E.I.CO to initiate contact with Plaintiff . . . ."[5]   With respect to damages allegedly flowing from Ms. Bluhm's alleged comments, Mr. Stevenson asserts that "this has caused extreme emotional distress in both my daughter and myself. As a result I have not been able to sleep at night because I have nightmares about my daughter's untimely death. My loss of appetite has caused me to loss (sic) 12 pounds  I am also unable to enjoy certain kinds of movies or television shows." As for Tiara Stevenson, the Amended Complaint describes her sub-par performance in school "since the accident". Also, in numbered paragraph 9, it is alleged that "as a result of Defendant's negligence Plaintiffs suffered loss of weight, appitite (sic), sleep and functionality and were devistated (sic) by comments made by Defendant that daughter and sister committed suicide." To the extent this paragraph refers to alleged negligence of Ms. McRae, then it obviously does not relate to Ms. Bluhm's comments. Moreover, the attribution of Plaintiffs' emotional distress to Defendants' (Bluhm and GEICO) *negligence* is completely contrary to the intentional tort actually being claimed.

---

[5] There is also an allegation that Ms. Bluhm informed the Plaintiff that GEICO was prepared to pay $2,500 for burial, even though "Maryland has $100,000 dollar bodily injury minimum." This Court can take judicial notice that Maryland minimum bodily injury liability limits are $20,000 per person/$40,000 per accident. (*See* MD. ANN. CODE, TRANSPORTATION ART. §17-103(b) (a copy of which is attached hereto and marked as **Exhibit A**), and that Maryland minimum Personal Injury Protection (PIP) limits are $2,500. (*See*, MD. ANN. CODE, INSURANCE ART. §19-505(b)(2), a copy of which is attached hereto and marked as **Exhibit B**.)

III.  **ARGUMENT**

A.  **The allegations in the Complaint are insufficient to state a cognizable claim for intentional infliction of emotional distress.**

While the Amended Complaint is less than clear, it appears that the Plaintiffs are alleging that comments allegedly made by Ms. Bluhm in a telephone conversation of March 16, 2005, amounted to intentional infliction of emotional distress. Specifically, the pertinent allegations in the Amended Complaint are set out exactly as they appear:

> ON OR ABOUT MARCH 16, 2005, I TELEPHONED G.E.I.CO INSURANCE EXAMINER DINA BLUHM IN RESPONSE TO A LETTER I RECEIVED FROM HER CONCERNING AN INSURANCE POLICY HELD BY LESLEE B MCREA. IN THAT TELEPHONE CONVERSATION WE DISCUSSED WHAT G.E.I.CO'S SETTLEMENT OFFER WAS IN THE WRONGFUL DEATH OF MY DAUGHTER LATRICE TIA STEVENSON. WE TALKED ON MY CORDLESS PANASONIC TELEPHONE THAT HAS A BROKEN HANDSET SO, WE HAD TO TALK ON THE SPEAKER PHONE, MY OTHER DAUGHTER TIARA LATISHA STEVENSON WAS PRESENT AT THE TIME.
>
> IN HER OFFICIAL CAPACITY MISS DINA BLUHM INFORMED ME THAT G.E.I.CO WAS PREPARED TO PAY 2,500 DOLLARS ON A POLICY HELD BY LESLEE B MCREA, FOR BURIAL OF MY DAUGHTER LATRICE TIA STEVENSON, UNDERSTANDING THAT MARYLAND HAS A $100,000 DOLLAR BODILY INJURY MINIMUM, I SUSPECT THAT MISS DINA BLUHM WAS NOT OPPERATING IN GOOD FAITH SO I ASKED MISS BLUHM WAS THAT ALL? AND HER REPLY TO ME WAS "WHAT DO YOU THINK WE SHOULD PAY WHEN YOUR DAUGHTER "JUMPED" IN FRONT OF OUR INSURED'S VEHICLE? I PAUSED IN SHOCK FOR A MOMENT AND TOLD MISS BLUHM THAT WAS RIDICULOUS . . .

The allegations in the Amended Complaint are, in substance, the same as those in the original Complaint.

The tort of intentional infliction of emotional distress has been variously described as follows:

> To establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984), (quoting *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (quoting *Dreza v. Vaccaro*, 650 A.2d 1308, 1312 (D.C. 1994)). In general " a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!" *Homan, supra*, 711 A.2d at 818 (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)).

*Larijani v. Georgetown University*, 791 A.2d 41 (D.C. 2002).

When the allegations in the Complaint are compared to the elements of the tort, it is clear that the Plaintiffs have failed sufficiently to allege any of the three elements. As for the first element, the question that must be answered "is whether a jury could reasonably find that the Defendant's [comment], as described by the Plaintiff[s], and with all reasonable inferences drawn in the Plaintiff [s'] favor, was sufficiently outrageous to satisfy this concededly demanding standard." *Id*. Reasonable minds simply could not differ that the statement attributed to Ms. Bluhm falls far short of the requirement that the conduct be outrageous in character, extreme in degree and that it go beyond all possible bounds of decency.[6] The conversation was initiated by the Plaintiff who, eight days after

---

[6] The Plaintiff has advised defense counsel and the Court that he secretly recorded the allegedly offensive telephone conversation. The Court has deferred the production of the recording until a determination is

the tragic accident in question, was attempting to negotiate a settlement for the "wrongful death of [his] daughter." As such, any statements made by Ms. Bluhm were based on legitimate business reasons and do not justify or support any claim of outrageous conduct. *See, Joyner v. Sibley Memorial Hospital*, 826 A.2d 362, 373 (D.C. 2003). ("Plaintiff adduced no evidence to establish that appellee's actions . . . were based on anything but legitimate business reasons. Therefore, these acts certainly do not amount to 'outrageous conduct for the purpose of establishing intentional infliction of emotional distress.'" *See also, Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624 (D.C. 1997) where dismissal of intentional infliction of emotional distress claim was upheld despite allegations that plaintiff was targeted for a sexual harassment investigation, that defendant manufactured evidence against plaintiff, and allegedly leaked information to other employees and unjustifiably demoted plaintiff in order to promote a female to his position. The Court concluded that those allegations did not rise to the necessary level of outrageous conduct.)

"Liability [for intentional infliction of emotional distress] will not be imposed for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Carter v. Hahn*, 821 A.2d 890, 892-93 (D.C. 2003). In *Carter*, the Court of Appeals reversed the trial court's directed verdict in favor of the Defendant based on undisputed evidence that the Defendant intentionally or recklessly *lied* to the police, which resulted in false criminal charges being lodged against the plaintiff alleging that she stole government funds. As a result of the defendant's knowingly false police affidavit, the

---

made on Plaintiff's request for appointment of counsel. Obviously, the full context of the recording will shed light on the claim. Yet, based upon the Amended Complaint, the allegations are insufficient to support the cause of action.

plaintiff was incarcerated overnight in a D.C. correctional facility. The appellate court concluded that intentionally or recklessly calling the police and informing them that the plaintiff committed a criminal act, when the defendant knew that the accusation was false, was sufficient to create a jury issue with respect to whether the defendant's acts were sufficiently outrageous to support a claim for intentional infliction of emotional distress. There is a clear and dramatic distinction between the admitted actions of the defendant in *Carter* compared to Ms. Bluhm's alleged conduct in the case at bar. Ms. Bluhm engaged in the conversation with Mr. Stevenson at his request. He admits in the Amended Complaint that he called Ms. Bluhm for the admitted purpose of trying to settle his daughter's wrongful death claim. As stated in *Carey v. Edgewood Mgt. Corp.*, 754 A.2d 951, 956 (D.C. 2000), "if that standard [requiring extreme, atrocious, utterly intolerable behavior that goes beyond all possible bounds of decency] means what it says, then the conduct alleged must truly be extraordinary to hold a defendant accountable for this tort."

In assessing the court's responsibility to determine the sufficiency of the pleadings in a claim for intentional infliction of emotional distress, this Court has stated:

> [I]t is for the court to determine, in the first instance, 'whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery . . .'

*Chung v. Lee*, 852 F. Supp. 43, 45 (D.D.C. 1994), quoting Restatement (Second) of Torts, §46 cmt. h. The allegations in the Plaintiffs' Amended Complaint simply do not measure up to this standard.

Just as the allegations are insufficient to support the outrageous conduct required to support a claim, so too do the allegations in the Amended Complaint fall short of

8

sufficiently alleging that the Defendant's statement was made with the intent to inflict

harm. The Amended Complaint does state that "Defendant *negligently* intentionaly (sic)

inflicts (sic) emotional distress through false claims to Plaintiff that deceased ended own

life." (Amended Complaint, ¶8). Perhaps this allegation signifies Plaintiffs' recognition

that Ms. Bluhm's choice of words was, at most, unfortunate but certainly was not made

with intent to cause harm.

Equally important as the 'negligently intentional' characterization, is that no *facts*

are alleged that would support a theory that the statement allegedly made by Ms. Bluhm

was made with the actual intent to cause emotional distress. Even the allegation of

damages in paragraph 9 attributes the "loss of weight, appitite (sic), sleep . . ." to

"Defendant's *negligence*." Even when these allegations are viewed in a light most

favorable to the Plaintiffs, they are nothing but bald, conclusory statements, unsupported

by true allegations of fact.

In *Ferenc v. World Child, Inc.*, 977 F. Supp. 56 (D.D.C. 1997), the Court

dismissed plaintiff's claim for intentional infliction of emotional distress arising out of

the adoption of a child who was later determined to have severe health problems. The

Court found that:

> the record contains absolutely no evidence from which a
> jury could find (nor any reason to expect that such evidence
> will be forthcoming) that any defendants who are now
> before the court intended that the Ferencs experience any
> emotion other than the joy that should attend the adoption
> of a healthy son. No motive, ulterior or otherwise, is
> shown for these defendants to have deliberately deceived
> the plaintiff . . . and no conduct is ascribed to them that in
> any respect resembles the 'extreme or outrageous conduct'
> that has been held necessary to prove the tort under District
> of Columbia law.

*Id.* at 60. Likewise, the Amended Complaint before this Court is devoid of allegations sufficient to support a theory that Ms. Bluhm intended that the Plaintiffs should be emotionally distressed by her statement nor is there any allegation that she had any ulterior motive to harm them.

With respect to the third element, severe emotional distress caused by the Defendant's extreme or outrageous conduct, even that element is not met by a fair and full reading of the Amended Complaint. While the Amended Complaint contains the bald, conclusory allegation that the telephone conversation with the Defendant "has caused [Plaintiff's] extreme emotional distress . . .", the allegation goes on to state that "I have not been able to sleep right because I have nightmare (sic) about my daughter's death, my loss of appetite has caused me to loss (sic) 12 pounds, I am unable to enjoy certain kinds of movies or television shows." (Amended Complaint at p. 2.) As for Plaintiff Tiara Stevenson, the Amended Complaint alleges a variety of problems in school "since the accident." *Id.* Noticeably absent is any allegation that the school problems were caused by the telephone conversation allegedly overheard by Tiara Stevenson. Even when read in a light most favorable to the Plaintiffs, the allegations in the Amended Complaint would seem to attribute the distress allegedly experienced by the Plaintiffs to the unfortunate death of Latrice Stevenson, rather than to the statement attributed to Ms. Bluhm.

Not only does the Amended Complaint fail sufficiently to allege that the claimed emotional distress was caused by Ms. Bluhm's comments, the Amended Complaint also fails to allege emotional distress of the severity required to properly allege a cause of

action.  In *Larijani*, *supra*, the trial court dismissed plaintiff's complaint despite

allegations in the complaint that the plaintiff:

> . . . was caused to suffer severe and permanent injuries to
> mind and body including, but not limited to, severe
> headaches, chills, nausea, vomiting, a swollen eye,
> involuntary body tremors, nightmares, cold sweats,
> hysteria, tension, muscular pain, shoulder pain, backaches,
> hyperventilation, fear, anger, depression, loss of appetite,
> loss of sleep, anxiety, stress, humiliation, indignity,
> disgrace, a traumatized psyche, and extreme emotional
> distress.  She was caused to undergo medical treatment for
> her physical and emotional injuries.

791 A.2d at 43.  The appellate court concluded that "however skeptical one may be of the

veracity of plaintiff's claims . . .," the allegations in the complaint when viewed in a light

most favorable to the plaintiff were sufficient.  (One judge, in a concurring opinion,

characterized the allegations as "minimally sufficient to survive the motion to dismiss."

*Id*. at 45.)  When compared with the minimally sufficient allegations in *Larijani*, the

allegations of emotional distress by these Plaintiffs (sleeplessness, loss of appetite,

weight loss, inability to enjoy certain kinds of movies or television shows and trouble in

school) hardly describe the severe emotional distress required to state a claim upon which

relief can be granted.

In short, the allegations in the Amended Complaint fail to allege conduct by the

Defendants which was sufficiently extreme or outrageous to support a claim for

intentional infliction of emotional distress.  The allegations with respect to the element of

intent are, at best, contradictory and also lack specificity when it comes to <u>facts</u> that

would support a finding that Ms. Bluhm's comments were intended to injure the

Plaintiffs.  Finally, the manifestation of emotional distress described in the Amended

Complaint understandably appears to be attributable to the death of Latrice Stevenson

rather than to the statement of Ms. Bluhm.  Moreover, the Amended Complaint does not

satisfactorily allege emotional distress of the extreme severity necessary to satisfy that

element of the tort.  A dissenting judge in *Larijani* perhaps said it best:

> When applied to this intentional tort, *with its proof*
> *requirements as severe as any in our law*, Rule 12(b)(6)
> serves an important gatekeeping function which the
> majority disregards. . . .  [I]t cheapens the currency of the
> tort she alleged to let this action proceed.

*Id*. at 46 (emphasis added).   For those reasons set forth herein, the Plaintiffs have failed

to allege facts sufficient to support a claim for intentional infliction of emotional distress.

The Defendants urge this Court to exercise its gatekeeping function by dismissing the

Amended Complaint.  Given the allegations, to permit this matter to proceed would

"cheapen the currency of the tort."

### B.    Dina Bluhm is not subject to the personal jurisdiction of this Court.

The Defendant, Dina Bluhm, is a claims examiner for GEICO General Insurance

Company.  The location of her place of employment is in Chevy Chase, Maryland and she

also resides in Maryland.  The alleged telephone conversation of March 16, 2005, between

the Plaintiff and the Defendant occurred while the Defendant was located at her place of

employment in Maryland.[7]  She neither transacts business in the District of Columbia nor

does she contract to supply services in the District of Columbia, nor did any of her allegedly

tortious actions occur in the District of Columbia.  Moreover, the Defendant does not

regularly do or solicit business or engage in any other persistent course of conduct or derive

substantial revenue from goods used or consumed or services rendered in the District of

Columbia.  The Defendant does not have an interest in, use or possess real property in the

---

[7] Ms. Bluhm states that her first conversation with the Plaintiff occurred on March 28, 2005.

District of Columbia. She has not contracted to insure or act as a surety for any person, property or risk to be performed within the District of Columbia. (*See*, Affidavit of Dina Bluhm, attached to her original Motion to Dismiss and marked as Exhibit A. A copy is attached hereto and marked as **Exhibit C**.) In short, none of the requirements necessary to invoke personal jurisdiction over Ms. Bluhm are met. Of course, it is axiomatic that the plaintiff bears the burden of asserting and proving personal jurisdiction over the defendant. *Kopff v. Battaglia* (2006 U.S. Dist. Lexis 13638, D.D.C.).

Personal jurisdiction in this Court is governed by the "Long Arm Statute" found at §§13-422 and 13-423 of the D.C. Code, Annotated. Section 13-422 authorizes a District of Columbia Court to exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or her principal place of business in the District of Columbia. None of those provisions apply to Ms. Bluhm. (*See,* **Exhibit C**).

Section 13-423, provides, in pertinent part, as follows:

### § 13-423. Personal jurisdiction based upon conduct.

(a)     A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

(1)     transacting any business in the District of Columbia;
(2)     contracting to supply services in the District of Columbia
(3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
(4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

13

(5)    having an interest in, using, or possessing real property in the District of Columbia;

(6)    contracting to insure or act as surety for or on any person, property or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

\*    \*    \*

As indicated in Ms. Bluhm's Affidavit, none of the individual bases for the exercise of personal jurisdiction apply to her. She specifically denies §§(1), (2), (5), and (6). With respect to §(3), that section does not apply, for no act or omission by Ms. Bluhm is alleged to have occurred in the District of Columbia and the Defendant denies any regular or persistent connection to the District of Columbia. In *Security Bank, N.A. v. Tauber*, 347 F. Supp. 511 (D. D.C. 1971) the Court determined that telephone calls made by a defendant from Florida into the District of Columbia did not provide a jurisdictional basis under the District of Columbia Long Arm Statute because such calls "were the act of the defendant in Florida, and not 'an act or omission in the District of Columbia.'" *Id*. at 516, quoting *Margoles v. Johns*, 333 F. Supp. 942 (D.D.C. 1971). In *Margoles*, allegedly defamatory statements were made by the defendant during two telephone calls while defendant was located in Wisconsin. In rejecting personal jurisdiction over the defendant, the court stated that the "[Long Arm] statute clearly separates the act from the tortious injury and affords personal jurisdiction over non-residents only when both act and injury occur in the District." *Id*. at 944. As for §(4) that section only applies where there are specifically enumerated contacts between the defendant and the District of Columbia. No such contacts are alleged and, again, the Defendant specifically denies the existence of such contacts in her Affidavit.

14

Even if personal jurisdiction could be exercised over Ms. Bluhm pursuant to the provisions of the Long Arm Statute related to her employment on behalf of GEICO, she would still be exempt from personal jurisdiction by virtue of the "corporate shield doctrine" which provides an equitable restriction on the assertion of jurisdiction. The underlying theory is that:

> It is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit, but for the benefit of his employer.

*Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981), quoted in *American Directory Service Agency v. Beam*, 131 F.R.D. 635, 641 (D.D.C. 1990). The courts generally acknowledge that the doctrine should not be followed mechanically but, rather, should be applied by balancing the fairness to both parties. *Id.* The corporate shield doctrine has been applied by this Court. In *Security Bank, N.A. v. Tauber*, *supra*, the corporate president and minority stockholder was shielded from personal jurisdiction even though the corporation transacted substantial business in the District of Columbia. Likewise, in *Quinto v. Legal Times of Washington, Inc.,* 506 F. Supp. 554 (D.D.C. 1981) the court refused to extend long arm jurisdiction over owners and corporate officers whose only contacts with the District of Columbia were on behalf of the corporation.[8] None of the equities which might otherwise justify the exercise of personal jurisdiction over Ms. Bluhm are present. Because the Plaintiffs are simply unable to allege facts which, under the Long Arm Statute, would afford this Court with personal jurisdiction over Ms. Bluhm, it would be

---

[8] Examples of when the corporate shield doctrine does not preclude the exercise of personal jurisdiction over the defendant occur when the corporate defendant lacked sufficient assets to respond to the Complaint, *Marine Midland Bank*, 664 F.2d at 903 or, as in *American Directory Service* where counsel for the individual defendants was so obstructive during discovery that his actions tipped the balance of fairness in favor of the exercise of personal jurisdiction over the individual defendants. 131 F.R.D. at 641-644. Such exceptions do not apply here.

15

an affront to due process to permit this case to proceed against her in this jurisdiction. *See, Kopff, supra.*

In the absence of allegations that would support a finding of personal jurisdiction over Ms. Bluhm pursuant to the statutory provisions set forth above, and in view of the Ms. Bluhm's statements in her Affidavit, there is nothing before this Court which would support the Court's exercise of personal jurisdiction over her. In the absence of jurisdiction, the Complaint must be dismissed under Rule 12(b)(2).

WHEREFORE, for all of the aforegoing reasons, it is prayed that the Amended Complaint be dismissed with costs to be paid by the Plaintiffs.

> */s/ George M. Church* _____
> George M. Church
> Trial Bar No.:  MD00133
> MILES & STOCKBRIDGE P.C.
> 10 Light Street
> Baltimore, Maryland 21202
> (410) 385-3839 (telephone)
> (410) 385-3700 (fax)
> gchurch@milesstockbridge.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of May, 2006, that a copy of the foregoing was served electronically and/or by first class mail, postage prepaid, to:

> Troy L. Stevenson
> 1140 North Capitol Street
> Apartment 815
> Washington, D.C. 20002
>
> *Pro Se*

16

James M. Brault, Esquire
BRAULT GRAHAM LLC
101 S. Washington Street
Rockville, Maryland 20850

Attorney for Defendant
Leslee B. McRae


*/s/ George M. Church* _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TROY L. STEVENSON, et al.                          *

     Plaintiffs                               *

v.                                                 *          Civil Action No.:  1:06-cv-00632

DINA BLUHM                                         *          The Honorable Paul L. Friedman
and GEICO General Insurance Company
(incorrectly named as "G.E.I.CO")                  *

     Defendants                               *
\*   \*   \*   \*   \*   \*   \*
TROY L. STEVENSON, et al.                          *

     Plaintiffs                               *

v.                                                 *          Civil Action No.:  1:06-cv-00642

LESLEE B. McREA[1], et al.                         *          The Honorable Paul L. Friedman

     Defendant                                *
\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## REQUEST FOR HEARING

     Defendants, GEICO General Insurance Company, incorrectly named as

"G.E.I.CO" and Dina Bluhm, hereby request a hearing on their Motion to Dismiss filed in

the above-captioned matter.

                                    */s/ George M. Church* _____
                                      George M. Church
                                      Trial Bar No.:  MD00133
                                      MILES & STOCKBRIDGE P.C.
                                      10 Light Street
                                      Baltimore, Maryland 21202
                                      (410) 385-3839 (telephone)
                                      (410) 385-3700 (fax)
                                      gchurch@milesstockbridge.com

---

[1] Incorrectly spelled.  Correct spelling of Defendant's last name is McRae.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of May, 2006, that a copy of the foregoing was served electronically and/or by first class mail, postage prepaid, to:

Troy L. Stevenson
1140 North Capitol Street
Apartment 815
Washington, D.C. 20002

*Pro Se*

James M. Brault, Esquire
BRAULT GRAHAM LLC
101 S. Washington Street
Rockville, Maryland 20850

Attorney for Defendant
Leslee B. McRae

*/s/ George M. Church* _____
George M. Church