# Exhibit A

Case 1:06-cv-00632-PLF Document 13-2 Filed 05/26/2006 Page 2 of 3

companies and their insureds, need to be read together. Maryland Auto. Ins. Fund v. Perry, 356 Md. 668, 741 A.2d 1114 (1999).

**The named driver exclusion.** — Nowhere in the Insurance Code or the vehicle laws is it provided that a spouse, excluded from liability insurance under the named-driver exclusion, may not own or register a vehicle. Neale v. Wright, 322 Md. 8, 585 A.2d 196 (1991).

Where the family car was co-owned by both spouses, but the husband was excluded from the insurance policy on the family car, the wife, the nonexcluded insured, was not liable under the policy for husband's operation of the car on a theory of negligent entrustment by the wife. Neale v. Wright, 322 Md. 8, 585 A.2d 196 (1991).

**Applied** in Maryland Auto. Ins. Fund v. Sun Cab Co., 305 Md. 807, 506 A.2d 641 (1986); Centennial Ins. Co. v. State Farm Mut. Auto. Ins. Co., 71 Md. App. 152, 524 A.2d 110, cert. denied, 310 Md. 491, 310 Md. 492, 530 A.2d 273 (1987).

**Quoted** in National Grange Mut. Ins. Co. v. Pinkney, 284 Md. 694, 399 A.2d 877 (1979); Hines v. Potomac Elec. Power Co., 305 Md. 369, 504 A.2d 632 (1986).

**Cited** in Parsons v. Erie Ins. Group, 569 F. Supp. 572 (D. Md. 1983); Grant v. Allison, 616 F. Supp. 1219 (D. Md. 1985); Nationwide Mut. Ins. Co. v. United States Fid. & Guar. Co., 314 Md. 131, 550 A.2d 69 (1988); Schuler v. Erie Ins. Exch., 81 Md. App. 499, 568 A.2d 873, cert. denied, 319 Md. 304, 572 A.2d 183 (1990); Forbes v. Harleysville Mut. Ins. Co., 322 Md. 689, 589 A.2d 944 (1991); Waters v. United States Fid. & Guar. Co., 328 Md. 700, 616 A.2d 884 (1992); Enterprise Leasing Co. v. Allstate Ins. Co., 341 Md. 541, 671 A.2d 509 (1996); Salamon v. Progressive Classic Ins. Co., 379 Md. 301, 841 A.2d 858 (2004).

## § 17-102. Exemptions.

This subtitle does not apply to the following vehicles and their drivers:

(1) Except for a vehicle registered under § 13-935(d) of this article, farm equipment or special mobile equipment incidentally operated on a highway or on other property open to the public; or

(2) A vehicle operated on a highway only to cross the highway from one property to another. (An. Code 1957, art. 66½, § 7-104; 1977, ch. 14, § 2; 2005, ch. 430.)

**Effect of amendments.** — Chapter 430, Acts 2005, effective June 1, 2005, substituted "Except for a vehicle registered under § 13-935(d) of this article, farm" for "Farm" at the beginning of (1).

**Quoted** in Salamon v. Progressive Classic Ins. Co., 379 Md. 301, 841 A.2d 858 (2004).

**Stated** in Blue Bird Cab Co. v. Amalgamated Cas. Ins. Co., 109 Md. App. 378, 675 A.2d 122 (1996).

**Applied** in National Grange Mut. Ins. Co. v. Pinkney, 284 Md. 694, 399 A.2d 877 (1979).

**Cited** in State v. Kramer, 318 Md. 576, 569 A.2d 674 (1990).

## § 17-103. Form and minimum benefits of security; annual assessment.

(a) *Required form; annual assessment.* — (1) Except as provided in paragraph (2) of this subsection, the form of security required under this subtitle is a vehicle liability insurance policy written by an insurer authorized to write these policies in this State.

(2) The Administration may accept another form of security in place of a vehicle liability insurance policy if it finds that the other form of security adequately provides the benefits required by subsection (b) of this section.

(3) The Administration shall, by regulation, assess each self-insurer an annual sum which may not exceed $750, and which shall be used for actuarial studies and audits to determine financial solvency.

(b) *Required minimum benefits.* — The security required under this subtitle shall provide for at least:

AND

Md. 491, 310 Md. 492, 530 A.2d 273

National Grange Mut. Ins. Co. v.
Md. 694, 399 A.2d 877 (1979);
mac Elec. Power Co., 305 Md. 369,
(1986).
Parsons v. Erie Ins. Group, 569 F.
Md. 1983); Grant v. Allison, 616
(D. Md. 1985); Nationwide Mut.
ited States Fid. & Guar. Co., 314
A.2d 69 (1988); Schuler v. Erie Ins.
. App. 499, 568 A.2d 873, cert.
Md. 304, 572 A.2d 183 (1990);
rleysville Mut. Ins. Co., 322 Md.
d 944 (1991); Waters v. United
Guar. Co., 328 Md. 700, 616 A.2d
nterprise Leasing Co. v. Allstate
Md. 541, 671 A.2d 509 (1996);
rogressive Classic Ins. Co., 379
A.2d 858 (2004).

cles and their drivers:
935(d) of this article, farm
operated on a highway or

oss the highway from one
)4; 1977, ch. 14, § 2; 2005,

ue Bird Cab Co. v. Amalgamated
109 Md. App. 378, 675 A.2d 122

National Grange Mut. Ins. Co. v.
Md. 694, 399 A.2d 877 (1979).
te v. Kramer, 318 Md. 576, 569
).

**of security; annual**

ept as provided in para-
ired under this subtitle is
urer authorized to write

of security in place of a
other form of security
ion (b) of this section.
ess each self-insurer an
hall be used for actuarial

uired under this subtitle



(1) The payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons, in addition to interest and costs;

(2) The payment of claims for property of others damaged or destroyed in an accident of up to $15,000, in addition to interest and costs;

(3) Unless waived, the benefits described under § 19-505 of the Insurance Article as to basic required primary coverage; and

(4) The benefits required under § 19-509 of the Insurance Article as to required additional coverage. (An. Code 1957, art. 66½, § 7-101; 1977, ch. 14, § 2; 1979, ch. 87; 1988, chs. 351, 736; 1989, ch. 555; 1997, ch. 70, § 4; chs. 361, 362; 1999, ch. 681.)

**University of Baltimore Law Review.** — For note discussing Belcher v. Government Employees' Ins. Co., 282 Md. 718, 387 A.2d 770 (1978), cited in the notes below, see 8 U. Balt. L. Rev. 324 (1979).

For article, "Uninsured Motorist Coverage in Maryland," see 21 U. Balt. L. Rev. 171 (1992).

**Maryland Law Review.** — For article discussing requiring security on rental vehicles notwithstanding a violation of the underlying rental agreement, see "Recent Decisions," 56 Md. L. Rev. 947 (1997).

**Purpose of title.** — This title is not concerned with protection for the negligent user or operator of an automobile, it is concerned with the payment of claims for bodily injury or death; the General Assembly's sole purpose in requiring liability coverage is for the compensation of injured victims of automobile accidents. Larimore v. American Ins. Co., 69 Md. App. 631, 519 A.2d 743 (1987), rev'd on other grounds, 314 Md. 617, 552 A.2d 889 (1989).

The purpose behind adopting motor vehicle regulations that require insurance on vehicles is to promote the established legislative policy in Maryland that seeks to assure that victims of automobile accidents have a guaranteed avenue of financial redress. Rentals Unlimited, Inc. v. Aetna Cas. & Sur. Ins. Co., 101 Md. App. 652, 647 A.2d 1278 (1994), cert. denied, 337 Md. 90, 651 A.2d 854 (1995).

**Purpose.** — The purpose of Maryland's compulsory insurance law is to ensure that those who own and operate motor vehicles registered in the State are financially able to pay compensation for damages resulting from motor vehicle accidents. Blue Bird Cab Co. v. Amalgamated Cas. Ins. Co., 109 Md. App. 378, 675 A.2d 122 (1996).

The purpose of Maryland's compulsory insurance law is to ensure that those who own and operate motor vehicles registered in the State are financially able to pay compensation for damages resulting from motor vehicle accidents. Matta v. GEICO, 119 Md. App. 334, 705 A.2d 29 (1998).

The insurance required under this section attaches to automobiles, not to persons. Blue Bird Cab Co. v. Amalgamated Cas. Ins. Co., 109 Md. App. 378, 675 A.2d 122 (1996).

**Public policy.** — Public policy of this State as enunciated by the General Assembly is that there should be liability coverage as to personal injury of $20,000 for any one person and $40,000 for any accident, and that the coverage for property damage should be $5,000. National Grange Mut. Ins. Co. v. Pinkney, 284 Md. 694, 399 A.2d 877 (1979).

**Insurance companies may limit their liability or impose other conditions on insurance contracts, as long as it does not contravene State's public policy.** — Insurance companies who contract to supply insurance coverage may limit their liability and impose whatever condition they please in the policy so long as neither the limitation on liability nor the condition contravenes a statutory inhibition or the State's public policy. Matta v. GEICO, 119 Md. App. 334, 705 A.2d 29 (1998).

**No continuing duty of insurer to advise the insured.** — Absent a request from the insured or a "special relationship" between the insured and the insurer, the insurer did not have a continuing, affirmative duty to render unsolicited advice to the insured concerning the advisability or availability of liability coverage in a greater amount than was selected by the insured. Sadler v. Loomis Co., 139 Md. App. 374, 776 A.2d 25 (2001).

**Remedial purpose of legislative policy.** — The legislative policy of ascertaining the financial responsibility of motor vehicle owners and operators has the overall remedial purpose of protecting the public by assuring that operators and owners of motor vehicles are financially able to pay compensation for damages resulting from motor vehicle accidents. Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Gartelman, 288 Md. 151, 416 A.2d 734 (1980).

This section effectuates the purpose of Maryland's compulsory insurance law, to ensure that those who own and operate motor vehicles registered in the State are financially able to pay compensation for damages resulting from