UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
TROY L. STEVENSON                        )
and TIARA LATISHA STEVENSON,             )
                                         )
            Plaintiffs,                  )
                                         )
            v.                           )        Civil Action No. 06-0632 (PLF)
                                         )
DINA BLUHM                               )
and GEICO GENERAL INSURANCE CO.,         )
                                         )
            Defendants.                  )
_____)

MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss plaintiff's

amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure

to state a claim upon which relief can be granted.[1]  Plaintiffs Troy L. Stevenson and Tiara Latisha

Stevenson bring suit against Dina Bluhm, a claims examiner, and her employer, GEICO General

Insurance Company ("GEICO"), alleging intentional infliction of emotional distress.  See

Amended Complaint ("Compl.") at 3.  Upon consideration of the motion, opposition, and reply,

the Court grants defendants' motion to dismiss.

I.  BACKGROUND

Latrice Stevenson, plaintiff Troy Stevenson's daughter and plaintiff Tiara

Stevenson's sister, was struck and killed by a car while running across a street.  See Amended

_____

[1]      Ms. Bluhm originally moved to dismiss pursuant both to Rule 12(b)(6) and Rule
12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. She has since
withdrawn that challenge to the Court's jurisdiction.  See Reply to Plaintiff's Opposition to
Defendant's Motion to Dismiss ("Def. Rep.") at 2.

Complaint ("Am. Compl.") at 3.  The driver of that car was insured by GEICO.  Id.  At some time after his daughter's death, Ms. Bluhm, in her capacity as a GEICO insurance examiner, sent Mr. Stevenson a letter concerning the insurance policy held by the driver.  See id. at 1.  Mr. Stevenson called Ms. Bluhm regarding that letter, and their phone conversation took place over Mr. Stevenson's speaker phone.  See id.  Mr. Stevenson's other daughter, Tiara, was present for the phone call.  Id.

According to Mr. Stevenson, during that conversation, he and Ms. Bluhm disagreed as to the appropriate amount of money GEICO should pay on the claim for his daughter's death.  See Am. Compl. at 1.  Ms. Bluhm told Mr. Stevenson that GEICO would pay $2,500 for his daughter's burial.  Id.  Mr. Stevenson, believing that Ms. Bluhm was not acting in good faith, asked her if that was all that GEICO was willing to offer.  Id.  Plaintiffs allege that Ms. Bluhm then asked him, "What do you think we should pay when your daughter 'jumped' in front of our insured's vehicle?"  Id. at 1-2.  In response to Ms. Bluhm's question, Tiara Stevenson said, "that is 'suicide' and ran into the bathroom crying."  Id. at 2.  Ms. Bluhm told Mr. Stevenson that the investigation into his daughter's death was ongoing, at which point he hung up on her.  Id.

Plaintiffs claim that they have suffered "extreme emotional distress" as a result of this phone conversation.  Am. Compl. at 2.  Specifically, they claim that Mr. Stevenson has been unable to sleep, has had nightmares, is unable to enjoy certain kinds of movies or television shows, and has suffered a loss of appetite and weight loss.  Id.  They further claim that Tiara has been unable to function, such that she has been expelled from her high school. Id.  Mr. Stevenson and his daughter have filed suit against Ms. Bluhm and GEICO for intentional infliction of

emotional distress.[2]  They maintain that Ms. Bluhm's comments were made to "intentionally inflict emotional distress and to settle a claim for as little as possible to protect [GEICO]'s interest."  Id. at 3.

## II.  DISCUSSION

### A.  Standard of Review

On a motion to dismiss for failure to state a claim, the Court must assume the truth of the facts alleged in the complaint and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint is construed liberally in plaintiff's favor, and the Court must grant plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001). Nonetheless, the Court need

---

[2]        The Court notes that although this allegation clearly asserts an intentional act by Ms. Bluhm, elsewhere in the amended complaint, plaintiffs state that "defendant *negligently* intentionaly (sic) inflicts emotional distress through false claims."  Am. Compl. at 3 (emphasis added).  Also, plaintiffs' original complaint, which is appended to the amended complaint, states that there was "intentional *and negligent* infliction of emotional distress." See Original Complaint at 2; Amended Complaint at 6 (emphasis added).  The defendants, therefore, have addressed both intentional and negligent theories of emotional distress in their motion to dismiss.

        The original and amended complaints were filed by plaintiffs when they were *pro se*.  The Court subsequently granted plaintiffs' request for appointment of counsel, and the opposition to the motion to dismiss was filed by that counsel.  In the opposition, plaintiffs do not raise or argue a negligence claim, arguing only that "the Amended Complaint alleges the requisite elements of a claim for intentional infliction of emotional distress."  Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp.") at 1.  To the extent, therefore, that plaintiffs pleaded or intended to plead a negligence claim, the Court will treat it as conceded, and address only the intentional infliction of emotional distress claim.

not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions. See Western Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d at 1276.

### B. Intentional Infliction of Emotional Distress

Defendants move to dismiss, arguing that plaintiffs have failed to allege sufficiently any of the three elements of the tort of intentional infliction of emotional distress. The Court agrees that plaintiffs have failed to state a claim with respect to the first element of the claim -- extreme and outrageous conduct -- and therefore must dismiss the amended complaint.

To establish a *prima facie* case of the tort of intentional infliction of emotional distress under District of Columbia law, plaintiffs must allege: "(1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress." Larijani v. Georgetown Univ., 791 A.2d 41, 44 (D.C. 2002) (citing Howard Univ. v. Best, 484 A.2d 958, 985 (D.C. 1984)). See also Abourezk v. New York Airlines, Inc., 895 F.2d 1456, 1458 (D.C. Cir. 1990); Amons v. District of Columbia, 231 F. Supp. 2d 109, 117 (D.D.C. 2002); Kerrigan v. Britches of Georgetowne, 705 A.2d 624, 628 (D.C. 1997). Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" – an extremely difficult standard to meet. Homan v. Goyal, 711 A.2d 812, 818 (D.C. 1998) (quoting Drejza v. Vaccaro, 650 A.2d

4

1308, 1312 n.10 (D.C. 1994));  see also Kaiser v. United States, 761 F. Supp. 150, 156 (D.D.C. 1991).

 With respect to the first element of their claim, plaintiffs must allege conduct that "may reasonably be regarded as so extreme and outrageous as to permit recovery."  Drejza v. Vaccaro, 650 A.2d at 1316.  Such conduct "must truly be extraordinary to hold a defendant accountable" for intentional infliction of emotional distress.  Carey v. Edgewood Mgmt. Corp., 754 A.2d 951, 955-56 (D.C. 2000).  Liability under this tort "clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." RESTATEMENT (SECOND) OF TORTS § 46 cmt. d. (1965);  In conducting such an analysis, courts are guided by "(1) applicable contemporary community standards of offensiveness and decency, and (2) the specific context in which the conduct took place."  King v. Kidd, 640 A.2d 656, 668 (D.C. 1993) (citations omitted); see also Webb v. Hyman, 861 F.Supp. 1094, 1102 (D.D.C. 1994).

 Even taking into account the context of the conduct alleged, a single incident involving a single comment allegedly made by Ms. Bluhm simply does not rise to the level of outrageousness necessary to support a claim for intentional infliction of emotional distress. While Ms. Bluhm's comment to the plaintiffs in the aftermath of their daughter and sister's death, if true, does seem rude and insensitive, it is not the sort of conduct contemplated under this tort.  See Ross v. DynCorp, 362 F.Supp. 2d 344, 363 n.9, 364 (D.D.C. 2005) (holding that neither delay of four business days in transporting remains of family member to plaintiffs nor repeated reference by defendant's representatives to decedent as "that guy" rather than by name constitutes sufficiently extreme or outrageous conduct);  Duncan v. Children's Nat'l Med.Ctr., 702 A.2d 207, 212 (D.C. 1997) (holding that conduct was not sufficiently outrageous as a matter

of law where plaintiff alleged that her employer forced her to choose between continuing work in a position that exposed her unborn fetus to radiation or losing her job). Cf. Homan v. Goyal, 711 A.2d at 820 (holding that in most instances "a few unwelcome visits from an irrational, angry and jealous husband, and some harassing telephone calls" would not constitute "extreme or outrageous conduct," but that "a hundred visits and probably thousands of phone calls" and threats could constitute such conduct). As unfortunate as Ms. Bluhm's comment may have been, people, even those suffering painful losses "must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." King v. Kidd, 640 A.2d at 668 (citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. d). On the facts alleged, the Court must grant defendants' motion to dismiss.[3]

---

[3]     While not necessary to its decision, the Court also notes its doubts that plaintiffs ever could have proved the third element of the tort of intentional infliction of emotional distress, a causal connection between the defendants' conduct, a single phone call, and the emotional distress outlined in the complaint. See supra at 2. More likely, the nightmares, loss of appetite, weight loss, loss of enjoyment of normal activities such as watching television or movies, and Tiara Stevenson's problems in school are the result of the understandable pain and suffering caused by the death of Latrice Stevenson, and the circumstances surrounding it, rather than Ms. Bluhm's insensitive comments.

III.   CONCLUSION

Because plaintiffs have failed to state a claim upon which relief can be granted, the Court will grant defendants' motion and dismiss the amended complaint.  An Order consistent with this Memorandum Opinion shall issue this same day.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 31, 2006